IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DANIEL J. CARSON,

      Appellant,

 v.                                  Case No.  5D17-56

ELIZABETH A. CARSON,

      Appellee.

_____/

Opinion filed September 18, 2017

Appeal from the Circuit Court
for Sumter County,
Michelle T. Morley, Judge.

Cheri A. Russell, of Cheri A. Russell, P.A.,
Ocala, for Appellant.

No Appearance for Appellee.


PER CURIAM

      Daniel J. Carson ("Former Husband") appeals the trial court's order directing him

and Elizabeth A. Carson ("Former Wife") to complete an eight-week cooperative parenting

and divorce program together.  The order was the result of Former Husband seeking relief

from the trial court because Former Wife refused to allow him to have their children on

his court-ordered weekends.  Only Former Wife was non-compliant with the court-ordered

timesharing plan.  Accordingly, we reverse the portion of the order that required Former

Husband to complete a parenting or divorce course, but we affirm the order insofar as it orders Former Wife to satisfactorily complete appropriate parenting and divorce courses.

The parties' marriage was dissolved in 2008. The final judgment incorporated their mediated settlement agreement, which provided shared parental responsibility for their two minor children, with Former Husband to exercise timesharing every other weekend. In November 2015, the court entered a supplemental final judgment that reduced Former Husband's timesharing to the first weekend of each month and modified his holiday timesharing as well. Approximately one year later, Former Husband moved for Former Wife to be held in indirect civil contempt for her repeated, willful failure to comply with the amended timesharing schedule by refusing to allow Former Husband to have the children on his court-ordered schedule. Former Husband also sought make-up timesharing and an award of attorney's fees.

Following a hearing on Former Husband's motion in 2016, the trial court issued an order directing both parties to complete a cooperative parenting and divorce program together. Neither party requested that program in their pleadings. In a later order, the trial court granted Former Husband's motion for indirect civil contempt, awarded him 32 days of make-up parenting time with the children, and ordered Former Wife to comply with each and every term of the supplemental final judgment. This later order restated the requirement for both parties to enroll in and jointly attend a cooperative parenting and divorce program. The trial court was aware that the parties live 209 miles from each other. Former Husband argues that it would create an undue hardship, as he would have to leave work at least three hours early on each Tuesday of the eight-week program.

2

Section 61.13(4)(c), Florida Statutes (2016), authorizes a court to order a parent who does not comply with a timesharing order to attend a parenting course. However, Former Husband was compliant with the timesharing order, even though he would not permit the children to engage in their desired activities on his designated weekends or holidays. At this stage of the proceedings, a compliant parent can be ordered to attend such a course only if there is a modification of a final judgment involving a parenting plan or modification of a timesharing schedule. § 61.21, Fla. Stat. (2016).

There had been a previous modification of the parties' timesharing in connection with the entry of the 2015 supplemental final judgment. However, there was no further modification ordered in connection with granting Former Husband's motion. Indeed, the trial court found Former Wife in contempt and ordered her to comply with the timesharing provisions set forth in the existing supplemental final judgment. The trial court had authority to order Former Wife to attend parenting classes. However, even though Former Husband's relationship with his children might benefit from attending a parenting class, the trial court lacked authority to order him to attend under these circumstances.

Accordingly, we affirm that portion of the order requiring Former Wife to attend appropriate parenting and divorce classes, but we reverse that portion of the order requiring Former Husband to attend.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

WALLIS, EDWARDS, and EISNAUGLE, JJ., concur.

3